(105 So. 396)

BAKER v. McKENZIE. (5 Div. 581.)

(Court of Appeals of Alabama. Aug. 4, 1925.)

1. Landlord and tenant ⬥260—Abatement plea to attachment suit after amendment of affidavit and bond to conform to statute held properly stricken.

In an attachment suit to enforce lien for rent, where plaintiff filed an insufficient affidavit and bond, as required by Code 1923, § 8806, but later amended same under section 6213, a plea in abatement by defendant filed on same day as the amended affidavit and new bond was properly stricken on motion.

2. Landlord and tenant ⬥260—Amended affidavit in attachment proceedings held sufficient under the Code.

Amended affidavit setting forth amount due, a cause for issuing under Code 1923, § 8804, and that it was not issued to harass the defendant, together with an approved bond, held to conform to section 8805, and was sufficient for attachment proceedings.

Appeal from Circuit Court, Elmore County; George F. Smoot, Judge.

Attachment suit by P. B. McKenzie against J. P. Baker. Judgment for plaintiff, and defendant appeals. Affirmed.

Plaintiff on October 26, 1923, filed attachment bond in the sum of $900 and affidavit claiming an indebtedness due of $1,000. Thereupon attachment writ issued, and was executed by a levy upon three bales of cotton, and notice of attachment was served upon defendant.

Thereafter, on April 28, 1924, plaintiff filed an amended bond in the sum of $2,400, amended affidavit claiming an indebtedness of $1,200, and complaint containing the common counts. On the same day plaintiff amended his complaint by filing count A—claiming $1,200 as rent—and withdrawing all other counts.

On the same day, April 28, 1924, defendant filed pleas in abatement, asserting: (A) That there is a variance between the original af-

fidavit and the complaint; (B) that plaintiff did not execute and file bond as required by law; and (D) that plaintiff did not, before attachment was issued, execute and file bond in double the amount sued for. Defendant also filed plea E, asserting that the allegations of plaintiff's attachment affidavit were untrue, and that attachment was sued out without the existence of any ground therefor. And defendant filed motion to discharge the attachment for the reason asserted in plea E.

Plaintiff's motions to strike these several pleas and motion to discharge were sustained. Defendant filed pleas of the general issue. There was judgment for plaintiff, and condemnation of the property levied upon.

Assignments 7 and 8 are that the court erred in condemning the property levied upon, and in striking plea E.

Jas. W. Strother, of Dadeville, for appellant.

Defendant's pleas and motions were filed in time, and should have been allowed. Penn v. Edwards, 42 Ala. 655; Hall v. Pearce, 209 Ala. 397, 96 So. 608. Counsel discuss other questions raised and treated, but without citing additional authorities.

Holley & Milner, of Wetumpka, for appellee.

Brief of counsel did not reach the Reporter.

SAMFORD, J. This appeal is on the record, without bill of exceptions, and hence, if the rulings of the court on motions and pleadings are free from error, it must follow that assignments of error 7 and 8 are without merit.

[1] Under section 8806 of the Code of 1923 attachment suits to enforce liens for rent as between landlord and tenant must be tried in the same manner and upon the same notices as other attachment cases are tried. The suit in this case was begun by an insufficient bond and affidavit, but the plaintiff, under section 6213 of the Code of 1923, was properly permitted by the court to amend the original affidavit and to file a new bond to conform to the amended claim. This disposes of assignments 1 and 2. With the amendments to the affidavit and bond, pleas A, B, and D were without merit, and were properly stricken on motion.

[2] It is next insisted that the substituted or amended affidavit allowed by the court is fatally defective, but no citation of authority appears to support this contention. The affidavit is made by the plaintiff setting forth the amount for rent; that one of the causes for issuing the attachment prescribed in section 8804 of the Code of 1923 exists; and that the attachment was not sued out for the purpose of vexing or harassing the defendant. A bond as required by law was executed and approved. All this was done in conformity to section 8805 of the Code, and was sufficient. The rulings of the court on this affidavit and bond were without error.

The other assignments of error are not insisted on in brief, and are therefore waived.

We find no error in the record, and the judgment is affirmed.

Affirmed.